UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
|       Petitioner, | ) |
|       v. | ) No. 1:21-cv-03068-SEB-MJD |
| DENNIS REGAL, | ) |
|       Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Ra'Mar Daniels filed a petition for a writ of habeas corpus challenging a Pendleton Correctional Facility disciplinary proceeding identified as ISR 21-09-0039. For the reasons explained in this Order, Mr. Daniels' habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

## II.    The Disciplinary Proceeding

On September 5, 2021, Officer P. Thomas issued a Report of Conduct charging Mr. Daniels with a violation of Offense Code A 117 for battery against a staff member. Dkt. 9-1 at 1. The Conduct Report states:

> On 09-05-2021 at approximately 5:05 p.m., I, Officer P. Thomas, was called to 6D in GCH due to Offender Daniels, Ramar #104542 in 18-6D holding his cuffport hostage and refusing to let staff close it. I then delivered a 1 second drive stun to Offender Daniels left bicep. Offender Daniels pulled his arm back in and as I attempted to secure the cuffport he then stuck his arm back out, so I delivered another 1 second drive stun to his left bicep. He then pulled it back in again and as I was again attempting to secure the cuffport he then reached back out and grabbed my vest. I again delivered another 1 second drive stun to his left bicep. I was then able to secure the cuffport.

*Id*. The report was substantiated by witness statements from Sgt. J. Gray, Officer J. Downs, Officer A. Sumner, and Officer D. Ruckman. Dkts. 9-4 at 1-4.

On September 24, 2021, Mr. Daniels was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 9-5. He also requested a copy of the video evidence and the conduct report. *Id*. On October 4, 2021, a Report of Disciplinary Hearing Video Evidence Review indicated the video evidence supported the Report of Conduct. Dkt. 9-10. A hearing was held on October 18, 2021, and Mr. Daniels pleaded not guilty. Dkt. 9-9. The disciplinary hearing officer "(DHO)" found Mr. Daniels guilty based on staff reports, Mr. Daniels' statements, and video evidence. *Id*. Mr. Daniels received a loss of 180 days of earned credit time. *Id*.

Mr. Daniels completed the administrative appeals process and both appeals were denied. Dkts. 9-12 and 9-13. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dkt. 1, for which Respondent provided a return, dkt. 9. Mr. Daniels submitted a response to Respondent's return. Dkt. 13.

### III. Analysis

Mr. Daniels asserts four grounds to challenge his prison disciplinary conviction: (1) that the Report of Conduct was filed in retaliation for him filing a separate civil action; (2) that he was denied evidence; (3) that there was insufficient evidence to support his disciplinary conviction; and (4) that he was denied an impartial decision maker.

### A. Retaliation

Mr. Daniels alleges the Report of Conduct was filed in response to a civil action he filed against the DHO and as a result is without merit. Dkt. 1 at 4.

"Prisoners have a right to be free from arbitrary actions by prison officials," including false disciplinary actions based on retaliation. *Burton v. Davis*, 41 F. App'x 841, 845 (7th Cir. 2002). However, "the protection from such actions is found in the procedures mandated by due process." Id. Therefore, "retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001); *see also McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision based solely because evidence indicates the claim was fraudulent."). If the procedural due process requirements of *Wolff* are satisfied, a reviewing court's role "is limited to determining whether there was sufficient evidence to support the [hearing officer]'s decision." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984)). Therefore, Mr. Daniels' claim must fail.

### B. Denial of Evidence

Mr. Daniels next alleges he was denied just about all the evidence he requested. Dkt. 1 at 6. He specifically noted that he did not receive a copy of the Report of Conduct, the Report of Disciplinary Hearing, or the Use of Force Report. *Id*.

Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

First, the DHO noted Mr. Daniels was not provided a copy of the video evidence for security purposes (i.e., preventing Mr. Daniels from learning the camera angles and its capabilities). Dkt. 9-10. Second, while Mr. Daniels did not sign the Report of Conduct, dkt. 9-1, the Notice of Disciplinary Hearing, dkt. 9-5, or the Report of Disciplinary Hearing, dkt. 9-9, his statements at his hearing demonstrate he was aware of the nature of the charge against him – staff assault. Specifically, the DHO noted that at the hearing Mr. Daniels stated, in relevant part, "I was in distress. I didn't pull him. I was tased, my arm went stiff. My pinkie got stuck in his vest." Dkt. 9-9 (cleaned up). Third, there is no record of a use of force report being submitted, nor is there evidence that Mr. Daniels requested a use of force report. There is, however, an incident report that was made a part of the record. Dkt. 9-2. Even if Mr. Daniels was not provided a copy of this

4

report, it would have been a duplicative record, recounting the same facts contained in the Report of Conduct. *Compare* dkt. 9-2 *with* dkt. 9-1. Thus, any potential due process error would have been harmless because Mr. Daniels had the pertinent facts to mount a defense. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). Accordingly, this claim must fail.

### C. Sufficiency of the Evidence

Mr. Daniels also alleges there was insufficient evidence to find him guilty of assaulting a staff member. Dkt. 1 at 3. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. In assessing whether there is some evidence – any evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

Here, the Report of Conduct provides sufficient evidence to conclude Mr. Daniels assaulted a staff member. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). The report notes that Mr. Daniels was asked to remove his arm from the cuff port, declined to do so, received an electrical shock, grabbed the officer's vest, and then received another shock before the cuff port was secured. Dkt. 9-1. There are also four witness statements from correctional officers who were present that corroborate the report. *See* dkts. 9-4 at 1-4. Moreover, this Court has reviewed the video evidence and finds that it supports the Report of Conduct and the witness statements. *See* dkt. 14. As a result, Mr. Daniels' claim must fail.

### D. Impartial Decision Maker

Mr. Daniels' final argument is that he was denied an impartial decision maker. Specifically, he notes that the DHO "called him out of his name" and refused to write down his comments. Dkt. 1 at 6. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the constitutional standard for impermissible bias is high. *Piggie*, 342 F.3d at 666. Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

In this case, Mr. Daniels does not allege the DHO was a part of the investigation into the allegation that he assaulted a staff member. Instead, Mr. Daniels alleges the DHO was acting in retaliation, an accusation which this court has discarded. *Supra* at § III(A). His allegation that the DHO called him names does not overcome the strong presumption that the DHO was impartial. Finally, the Report of Disciplinary hearing shows that the DHO documented at least nine different statements made by Mr. Daniels during his disciplinary hearing, which shows the DHO gave Mr. Daniels' arguments due consideration. Dkt. 9-9. As a result, Mr. Daniels' claim must fail.

## IV. Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/2/2022

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RA'MAR DANIELS, 104542
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov